[676 NYS2d 221]

In the Matter of RAYMOND P. FARRELLY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 27, 1998

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

*Brennan Fabriani & Novenstern,* Mt. Kisco (*Timothy J. Brennan* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition, dated June 6, 1997, containing six charges of professional misconduct against him. After a hearing, the Special Referee sustained all six charges. The Grievance Committee moves to confirm the Special Referee's findings. The respondent submitted an affidavit in opposition requesting that the matter be referred back to the Grievance Committee for the imposition of a Letter of Admonition.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]). On or about October 20, 1995, the Grievance Committee forwarded to the respondent a copy of a complaint filed by Fred A. Besel alleging neglect regarding the handling of the estate of complainant's mother, Mathilde Besel, and requested an answer within 10 days. When the respondent failed to submit an answer, the Grievance Committee forwarded a second letter to him, via certified mail, to the address at which he was registered with the Office of Court Administration. That letter was returned unclaimed.

On February 20, 1996, the Grievance Committee sent the respondent a second certified letter, advising him that it might move for his interim suspension if he failed to answer within 10 days. Although the respondent signed for the letter on March 1, 1996, he again failed to submit an answer to the Besel complaint within the specified time.

Based on the respondent's failure to cooperate with the Grievance Committee's investigation, a judicial subpoena and a judicial subpoena duces tecum were issued by this Court on April 17, 1996, requiring the respondent to appear before Grievance Counsel to give testimony and to bring his records.

Charge Two alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). Shortly after Mathilde Besel died on or about January 13, 1995, the respondent was retained by the decedent's son to handle

the estate. The value of the adjusted gross estate, consisting of a house, bankbooks, and stocks, was approximately $535,000. Although no Federal estate tax was due, a New York State estate tax of approximately $21,000 was due. The respondent filed the New York State estate tax return and timely paid the tax due. The respondent was required to file an amended return to reflect the correct value of one of the stocks owned by the decedent.

The respondent testified under oath on May 22, 1996, that it took over one year to transfer the stocks out of the decedent's name. Although the respondent testified that the estate would be finalized within the week, the matter was not concluded until August 1996.

Charge Three alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). Shortly after John O'Rourke died on or about February 18, 1993, the respondent was retained by the decedent's spouse to settle the estate. The adjusted gross estate was approximately $545,000. Inasmuch as the New York State tax return reflected allowable deductions of $577,103.70, no tax was due.

In the course of his testimony before the Grievance Committee, the respondent revealed that the decedent's widow had inadvertently failed to disclose some assets and would have to file an amended return. The respondent testified on May 22, 1996, that the O'Rourke estate would be finalized by the end of July 1996. Due to the respondent's neglect, the estate was not settled as of April 1997 and the respondent had yet to transfer certain accounts into the name of the sole beneficiary.

Charge Four alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). The respondent was both the coexecutor and attorney for the estate of Ann Snyder, who died on or about February 18, 1994. The adjusted gross estate was approximately $500,000 and a New York State estate tax of $17,000 was due.

During his testimony before the Grievance Committee on May 22, 1996, the respondent asserted that the Snyder Estate would be finalized within three or four weeks. Based on the respondent's neglect, the estate was not settled as of April 1997. The respondent transferred the matter to new counsel on or about April 23, 1997.

Charge Five alleged that the respondent engaged in conduct which reflects adversely on his fitness to practice law by failing

to comply with the Rules of the Chief Judge, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). Pursuant to the Rules of the Chief Judge (22 NYCRR 25.40), a lawyer who is employed full time in any court of the Unified Court System shall not engage in the private practice of law except with the prior written application and approval of the Chief Administrator of the Courts as to each professional engagement.

The respondent became the law secretary of Justice Kenneth Rudolph of the Supreme Court, Westchester County, in or about June 1995. He was previously in private practice. After he assumed the position of law secretary, the respondent continued to handle matters for the estates of Besel, O'Rourke, and Snyder. The respondent failed to apply for and obtain approval regarding his representation of the three estates from the Chief Administrative Judge of the Ninth Judicial District.

Charge Six alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law by failing to cooperate with the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]). This charge reiterates the factual allegations of Charges Two through Five.

Based on the respondent's conduct, he was issued a Letter of Admonition by the Grievance Committee on December 27, 1996. The letter was conditioned upon the respondent's submission of proof within 60 days of his receipt of the letter that he had obtained permission from the Chief Administrative Judge to handle these matters, pursuant to the Rules of the Chief Judge (22 NYCRR 25.40), and had completed the two estate matters or that the files had been transferred to new counsel.

The respondent retained Timothy J. Brennan, Esq. to represent him on or about February 25, 1997. In correspondence dated March 13, 1997, counsel was advised that the respondent had until March 31, 1997 to comply with the conditions contained in the Letter of Admonition. The respondent failed to comply with any of the conditions by March 31, 1997.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all six charges and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the remorse expressed by the re-

spondent, the steps he has undertaken to complete all of the estate matters in order to avoid significant harm to the clients, and his revelation of his misconduct to the Administrative Judge. The respondent is now aware that, as a law secretary, he is precluded from engaging in the private practice of law without permission, and he has not undertaken any new legal matters since his appointment. Inasmuch as the respondent is no longer involved in the private practice of law, there is no likelihood that his misconduct will be repeated. Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

BRACKEN, J. P., ROSENBLATT, O'BRIEN, RITTER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Raymond P. Farrelly, is censured for his professional misconduct.